IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUDITH BERGSTROM,                        Case No. 3:11-cv-00984-MA

              Plaintiff,                OPINION AND ORDER

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

           Defendant.

TIM WILBORN
P.O. Box 370578
Las Vegas, NV 89137

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

L. JAMALA EDWARDS
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

    Attorneys for Defendant

1 - OPINION AND ORDER

Marsh, Judge

Plaintiff, Judith M. Bergstrom, brings this action for judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act).  <u>See</u> 42 U.S.C. § 423.  This court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).  For the reasons set forth below, I AFFIRM the final decision of the Commissioner.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB on August 27, 2008, alleging disability due to type one diabetes, hypothyroidism, obesity, and depression.  Her application was denied initially and upon reconsideration.  A hearing was held before an Administrative Law Judge (ALJ) on May 25, 2010, at which plaintiff was represented by counsel and testified.  Vocational Expert (VE) Jeffrey F. Tittlefitz also testified at the hearing.  Additionally, plaintiff's treating physician, Aaron W. Pardini, M.D., submitted a functional capacity questionnaire and written opinion. Plaintiff's husband, Bruce Bergstrom, submitted a lay witness statement.  Finally, Richard Alley, M.D., reviewed plaintiff's record and submitted a physical residual functional capacity (RFC) assessment.

On June 7, 2010, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act.  After the Appeals Council declined review of the ALJ's decision, plaintiff timely filed a complaint in this court.

## FACTUAL BACKGROUND

Born on December 5, 1957, plaintiff was 50 years old on the alleged onset date of disability, and 52 years old on the date of the hearing.  Plaintiff has an associate degree, and past relevant work as a computer assistant, newspaper carrier, and social service specialist.

Plaintiff alleges her diabetes first became disabling on July 1, 2008.  Plaintiff regularly has seen Dr. Pardini, her treating endocrinologist, regarding her diabetes treatment.  Plaintiff began using an insulin pump in early 2007, but has been largely unsuccessful in controlling her blood glucose levels.

## THE ALJ'S DISABILITY ANALYSIS

The Social Security Commissioner established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(a)(4)(i)-(v).  Each step is potentially dispositive.  The claimant bears the burden of proof at Steps One through Four. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  The burden shifts to the Commissioner at Step Five to show that a significant number of jobs exist in the national economy that the claimant can

perform.  See Yuckert, 482 U.S. at 141-42; Tackett, 180 F.3d at 1098.

At Step One, the ALJ found that plaintiff did not engage in substantial gainful activity between the alleged onset date of July 2, 2008, and September 30, 2009, the final date on which plaintiff met the requirements for insured status.  See 20 C.F.R. § 404.1520(a)(4)(i), (b); Tr. 38.

At Step Two, the ALJ found that plaintiff's diabetes, thyroid deficiency, and obesity were severe impairments.  See 20 C.F.R. § 404.1520(a)(4)(ii), (c); Tr. 38-39.

At Step Three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or medically equal a listed impairment.  See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526; Tr. 39-40.

The ALJ determined plaintiff had the RFC to perform the full range of light work described in 20 C.F.R. § 404.1567(b).  Tr. 40-43.

At Step Four, the ALJ found plaintiff was capable of performing her past relevant work as a social worker.  See 20 C.F.R. § 404.1520(a)(4)(iv); Tr. 43.

Because the ALJ found that plaintiff was capable of performing past relevant work, the ALJ did not proceed to Step Five, and determined that plaintiff was not disabled within the meaning of the Act.

## ISSUES ON REVIEW

Plaintiff asserts that the ALJ erred in four ways. First, plaintiff argues that the ALJ improperly rejected her testimony. Second, plaintiff asserts that the ALJ improperly rejected the opinion of Dr. Pardini. Third, plaintiff argues that the ALJ improperly rejected the lay testimony of Bruce Bergstrom, plaintiff's husband. Based on these errors, plaintiff claims that the ALJ's resulting RFC fails to include all of her limitations.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for

that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

**DISCUSSION**

**I.    Plaintiff's Testimony**

In deciding whether to accept subjective symptom testimony, an ALJ must perform two stages of analysis. 20 C.F.R. § 404.1529. First, the claimant must produce objective medical evidence of an underlying impairment that reasonably could be expected to produce the symptoms alleged. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996). Second, absent affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the plaintiff's testimony about the severity of her symptoms. Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008).

If an ALJ finds that the claimant's testimony regarding her subjective symptoms is unreliable, the "ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive." Morgan v. Apfel, 169 F.3d 595, 599 (9th Cir. 1999). In doing so, the ALJ must identify what testimony is credible and what testimony undermines the claimant's complaints, and make "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002).

At the hearing, plaintiff testified that she has to lay down for extended periods of time two to four times per week due to low or high blood sugar levels. Tr. 23. During blood sugar lows, plaintiff stated she generally must lie down or rest in a chair for half an hour before she can resume activity. Id. During blood sugar highs, plaintiff testified she must cease normal activity for as long as "four hours up to a couple days." Id.

In her Function Report, plaintiff reported that during "good" days she takes care of her disabled husband; cares for the family dogs, cats, and goats; cooks one to two meals per day from scratch; cleans the house; does laundry, yard work, gardening, and home maintenance; goes shopping; reads; and does crafts. Tr. 174-77. Plaintiff noted she receives help feeding the animals when she is not feeling well, but otherwise does not state that she receives help with her daily activities. Tr. 174.

The ALJ found that, while plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. Tr. 41.

The ALJ did not make a finding that plaintiff was malingering. Therefore, the ALJ was required to identify clear and convincing reasons for discounting plaintiff's testimony. Smolen, 80 F.3d at 1281. I conclude that the ALJ's reasons meet this standard.

Specifically, the ALJ found that plaintiff's testimony regarding the intensity of the symptoms and limitations was not credible in light of her noncompliance with diabetes treatment and the extent of her daily activities. Id. Noncompliance with medical treatment is a proper basis for discrediting a claimant's testimony about the severity of symptoms. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ's finding of noncompliance is amply supported in the record. E.g., Tr. 246, 260, 263-64, 270, 274, 279, 283, 305. For example, on November 26, 2007, Dr. Pardini instructed plaintiff to remember to bolus before meals and continue to work on carbohydrate counting after he found that plaintiff's failure to do so was resulting "in poor control on average, as well as a large amount of glucose variability." Tr. 263-64. Yet, as the ALJ specifically discussed, at an appointment six weeks later, Dr. Pardini noted that plaintiff reported that she continued to snack on high carbohydrate foods, such as corn chips, popcorn and ice cream after dinner. Tr. 41, 260-61.

The record reflects numerous instances in which Dr. Pardini noted that plaintiff was not complying with her diet, treatment requirements, or both. Tr. 246, 271, 283, 300, 305, 306, 318. Also, as the ALJ noted, when asked at the hearing, plaintiff was not forthcoming about adherence to her dosing schedule and compliance with Dr. Pardini's recommendations. Tr. 23. Thus, the

ALJ could reasonably conclude that plaintiff did not adequately explain why a regular work schedule could not accommodate her needs.[1]

The ALJ also discredited plaintiff's testimony because her alleged restrictions were inconsistent with her activities of daily living. Tr. 41. Inconsistency between a claimant's activities of daily living and claimed disability is a proper basis for rejecting a claimant's testimony. Molina v. Astrue, 674 F.3d 1104, 1112-13 (9th Cir. 2012); Fair, 885 F.2d at 603.

At the hearing and in her Function Report, plaintiff described a high level of daily activity, including caring for her disabled husband; cooking one to two meals per day; feeding and exercising pet dogs, cats, and goats; doing house and yard work; shopping; reading; and doing craft projects. Tr. 173-80. Despite her alleged disability, plaintiff makes only passing reference to receiving help with her daily activities, stating that her husband

---

[1]Plaintiff argues that the ALJ improperly considered plaintiff's noncompliance without notification and opportunity to show cause or undergo the prescribed treatment, as required by Social Security Ruling (SSR) 82-59. Pl's Brief at 12-13. I disagree. SSR 82-59's requirements apply when a claimant is found to have a disabling impairment, but the application is nonetheless denied because the claimant did not comply with a prescribed treatment which is expected to restore the claimant's capacity to engage in substantial gainful activity. SSR 82-59; see also Roberts v. Shalala, 66 F.3d 179, 183 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). Here, SSR 82-59 does not apply because the ALJ did not deny plaintiff's claim solely based on noncompliance, but rather properly cited noncompliance as one reason for discrediting plaintiff's testimony.

or daughter help feed the animals when she is not feeling well. Tr. 174. Plaintiff's extensive activities of daily living with little reference to help from others is inconsistent with her claim that she is largely incapacitated for between thirty minutes and several hours, two to four times per week. The ALJ did not err in finding plaintiff's activities of daily living inconsistent with plaintiff's alleged disability.

The ALJ also discredited plaintiff's testimony because there was no diagnosis in the record to substantiate plaintiff's claim that she could not work because of depression. Tr. 41. Failure to seek medical treatment is a proper basis for discrediting a claimant's testimony as to the severity of symptoms. Molina, 674 F.3d at 1112 (quoting Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008)). There is no evidence in the record that plaintiff sought treatment for, or received a diagnosis of, depression, and thus the ALJ properly discounted plaintiff's testimony.

In short, the ALJ provided clear and convincing reasons, amply supported by substantial evidence in the record, to discount plaintiff's testimony.

## II. Rejection of Dr. Pardini's Opinion

The ALJ must present clear and convincing reasons for rejecting the uncontroverted opinion of a treating or examining doctor. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

If, however, a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject it by providing specific and legitimate reasons that are supported by substantial evidence. Id.

With respect to plaintiff's difficulty managing her blood sugar levels and the effect episodes of low and high blood sugar have on plaintiff's employability, Dr. Pardini's opinion was uncontroverted. While Dr. Alley's RFC assessment disagreed with other aspects of Dr. Pardini's opinion, it did not contradict Dr. Pardini's opinion as to plaintiff's difficulty controlling her blood sugar levels or the effect that has on her ability to work. Tr. 297. Thus, the ALJ was required to present clear and convincing reasons for discounting Dr. Pardini's opinion. Bayliss, 427 F.3d at 1216.

Dr. Pardini was plaintiff's treating endocrinologist throughout the period relevant to her claim. Tr. 340. In an opinion signed by Dr. Pardini, but drafted by plaintiff's counsel, Dr. Pardini stated that plaintiff "suffers abnormal and potentially dangerous low and high levels of blood sugar, despite her best efforts and treatment." Tr. 339-40. Dr. Pardini opined that he would expect plaintiff to have one 2-3 hour episode of low blood sugar weekly, causing mental confusion and lack of concentration, and recurring more commonly when plaintiff is very active. Tr. 340-41.

Additionally, Dr. Pardini opined that it is reasonable for plaintiff to expect to have one to three episodes of high blood sugar every week, causing fatigue and difficulty engaging in even minimal physical activity. Dr. Pardini noted that recovery from high blood sugar episodes can take four or more hours. Id.

Dr. Pardini stated that when plaintiff's blood sugar levels were stable, she could function at a relatively normal level, but opined that plaintiff would have difficulty maintaining a regular work schedule due to her periodic episodes. Id.

The ALJ gave limited weight to Dr. Pardini's opinion with respect to the effect of plaintiff's diabetes on her ability to work. Tr. 42. The ALJ found that Dr. Pardini's opinion did not address plaintiff's noncompliance with recommended treatment, was inconsistent with his treatment notes, was based on plaintiff's subjective complaints, and was inconsistent with plaintiff's numerous activities of daily living. Tr. 42.

The ALJ has provided clear and convincing reasons for discounting Dr. Pardini's opinion that plaintiff is unable to work due to periodic episodes of high and low blood sugar. Importantly, the ALJ discounted Dr. Pardini's opinion because it did not address plaintiff's history of noncompliance with recommended treatment. Tr. 42. As discussed above, plaintiff's noncompliance with diabetes treatment is an unmistakable theme throughout Dr. Pardini's treatment notes. E.g., Tr. 246, 260, 263-64, 270, 274,

279, 283, 305. Nonetheless, Dr. Pardini stated in his opinion that plaintiff's blood sugar levels were unstable, "despite her best efforts and treatment." Tr. 340. Dr. Pardini's opinion makes no effort to explain the inconsistency between his representation of plaintiff's compliance in his opinion and the record of noncompliance his notes. As detailed above, Dr. Pardini's notes reflect numerous instances of noncompliance, and the ALJ could reasonably discount his opinion on that basis.

The ALJ's conclusion that Dr. Pardini's opinion is inconsistent with his treatment notes is supported by the record. The crux of Dr. Pardini's opinion is that plaintiff may experience hypo- and hyperglycemic episodes that preclude her from consistent work two to four times per week, lasting from 30 minutes to several hours each. Tr. 340-41. Although Dr. Pardini's treatment notes reflect wide variability in plaintiff's blood sugar levels, the alleged frequency and severity of plaintiff's hyper- and hypoglycemic episodes are rarely, if ever, discussed. E.g., Tr. 244, 246, 249, 260, 263, 273-74, 321. I conclude the ALJ could discount Dr. Pardini's opinion based on this inconsistency.

Finally, the ALJ's finding that Dr. Pardini's opinion is inconsistent with plaintiff's activities of daily living was proper. As discussed above, plaintiff reported engaging in a wide variety of daily activities. Tr. 173-80. While plaintiff notes that her husband or daughter sometimes help feed the animals when

she is not feeling well, her testimony and Function Report only mention such help in passing. Tr. 174. Also, Dr. Pardini opined that when plaintiff's blood sugar was in balance she could perform activities at a relatively normal level, but that a hyper- or hypoglycemic episode could occur two to four times per week, sometimes lasting for several hours. Tr. 340-41. Yet, Dr. Pardini's notes reflect that plaintiff has an active, busy schedule. As discussed above, the ALJ could reasonably find that plaintiff's extensive daily activities without substantial aid are inconsistent with the extent of disability described in Dr. Pardini's opinion.

I find that the ALJ's reasons for discounting the opinion signed by Dr. Pardini are clear and convincing, and supported by substantial evidence in the record.

## III. **Bruce Bergstrom's Lay Witness Statement**

Lay testimony regarding a claimant's symptoms or how an impairment affects her ability to work is competent evidence that an ALJ must take into account. Molina, 674 F.3d at 1114. To discount lay witness testimony, the ALJ must give reasons that are germane to the witness. Id.

Plaintiff's husband, Bruce Bergstrom, provided a Third Party Function Report in which he reports that on a "good day" plaintiff could perform household and yard chores, and had no problems with routines of personal care. Mr. Bergstrom also reported that on a

"bad day" with hyper- or hypoglycemic episodes, plaintiff would have to adjust her activities to "suit the day."  Tr. 181.

The ALJ discounted Mr. Bergstrom's statements because the ALJ found his description of plaintiff's limitations to be inconsistent with his description of the activities of daily living.  Tr. 43. Indeed, the ALJ noted that despite the limitations described by Mr. Bergstrom, he also stated that plaintiff was able to prepare daily meals, walk daily, drive a car, and shop for necessities.  I find the ALJ's reasons for discrediting Mr. Bergstrom's testimony are germane to the witness and supported by substantial evidence.

IV.  **Adequacy of the Vocational Hypothetical**

A vocational hypothetical is sufficient if it includes all of the claimant's limitations that are supported by substantial evidence in the record.  See Bayliss, 427 F.3d at 1217-18.  An ALJ may exclude limitations unsupported by substantial evidence in the record.  Id.

I have concluded that the ALJ properly discredited plaintiff's testimony, Dr. Pardini's opinion, and Mr. Bergstrom's lay witness statement.  The limitations included in the RFC and hypothetical were those that the ALJ found to be credible and supported by substantial evidence in the record.  Thus, the hypothetical was sufficient, and it was proper for the ALJ to rely on the VE's answer.  Id.

///

15 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, the decision of the ALJ is AFFIRMED.

IT IS SO ORDERED.

DATED this __11__ day of October, 2012.

_Malcolm F Marsh_
Malcolm F. Marsh
United States District Judge